UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STEVEN MIDDLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:23-cv-121 SNLJ |
| | ) |
| HEATHER BROWN and VERNON COUNTY, MISSOURI, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is now before the Court upon self-represented Plaintiff Steven Middleton's response to the Court's Order dated September 21, 2023. *See* ECF No. 3. In that Order, the Court directed Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response attempts to assert multiple grounds for federal question jurisdiction over this matter. *See* ECF No. 4. However, the Court finds Plaintiff's arguments for such jurisdiction to be patently meritless. Furthermore, even if jurisdiction was not lacking here, this is not the proper venue for this action. As such, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**Background**

**I.     The Complaint**

Plaintiff brings his civil complaint in this matter for breach of contract, conversion, falsification of records, and civil rights violations under 42 U.S.C. § 1983. ECF No. 1. Plaintiff seeks to recover damages he asserts that he suffered as a result of defendant Heather Brown's alleged misrepresentation and falsification of records concerning a non-existent marriage between

Plaintiff and Brown. According to Plaintiff, Brown represented to a Vernon County Court that she was married to Plaintiff for the purposes of a divorce proceeding. *Id.* at 2-3. Plaintiff further alleges that Brown provided false records indicating that such a marriage existed. Plaintiff denies that the parties were married and he faults the Vernon County Court for reliance upon the false records. Because of this reliance, Plaintiff asserts that the Court violated his equal protection and due process rights. Plaintiff further alleges claims of breach of contract, conversion, and falsification of records. Although not clear from the pleadings, Plaintiff presumably suffered some non-specified monetary loss as a result of the Court's grant of a divorce between the parties. He seeks declaratory relief and damages from the Court. *Id.* at 1-4.

Based on the information provided in the complaint, Plaintiff and defendant Brown both reside in the State of Missouri. *Id.* at 1. Defendant Vernon County, Missouri is a municipality organized under the laws of the State of Missouri and contained with the judicial district for the United States Court for the Western District of Missouri. 28 U.S.C. § 105(b)(2).

## II.     Plaintiff's Similar Case in the Western District Court[1]

Based on a review of court records, Plaintiff filed a similar civil complaint against the same two defendants in the United States District Court for the Western District of Missouri, in August 2022. *See Middleton v. Brown*, No. 3:22-cv-5057-SRB (W.D. Mo. filed Aug. 10, 2022). In that case, Plaintiff also complained that Brown wrongly claimed that she was married to Plaintiff in a Vernon County Circuit Court marriage dissolution matter. Plaintiff asserted claims of breach of contract, conversion, fraud, and civil rights violations under 42 U.S.C. § 1983.

On October 3, 2022, the Western District Court dismissed that similar case for lack of subject matter jurisdiction. *See id.* at ECF No. 6. First, the Court found no diversity jurisdiction

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

- 2 -

as Plaintiff and Brown are both citizens of Missouri. Second, the Court found Plaintiff's allegations of violations of § 1983 conclusory and "patently meritless." *Id.* at 4-5. Because Plaintiff's allegations did not demonstrate that any claim arose under federal law, the Court ruled that no federal question jurisdiction existed. As there was no basis for federal court jurisdiction over the matter, the Court dismissed the case. The Eighth Circuit Court summarily affirmed that dismissal on January 6, 2023. *See Middleton v. Brown*, No. 22-3405 (8th Cir. Jan. 6, 2023) (mandate issued Feb. 3, 2023).

### Plaintiff's Response to the Order to Show Cause

On October 11, 2023, Plaintiff filed a response to the Court's Order to Show Cause regarding jurisdiction over this matter. ECF No. 4. Plaintiff's arguments are difficult to decipher. First, Plaintiff states that the Vernon County Court made a decision on which state law to apply to Plaintiff and Brown's divorce – Texas law (because they resided there together) or Missouri law. According to Plaintiff, because of this choice-of-law decision, this "matter affects interstate commerce" and "seems to be the specific territory that federal law exists to regulate." *Id.* at 3. Plaintiff also argues that the case presents a federal question because "there is a due process issue" based on the Vernon County Court's failure and refusal "to adhere to … federal record correction standards." *Id.*

In addition, Plaintiff lists multiple "Civil Rights Violations" and "several federal statutes [that] may apply" to this case. *Id.* at 4. First, Plaintiff alleges a Fourteenth Amendment due process violation of § 1983 based on a "fictitious marriage record" and unlawful "procedures" which deprived him of his property or liberty. *Id.* at 4. Second, Plaintiff asserts a § 1983 equal protection violation stating that the Vernon County Court "treated him differently from similarly situated individuals without a rational basis." *Id.* at 4-5. Third, Plaintiff argues that the state court retroactively applied laws "leading to his unfair treatment" and "significantly impaired his vested

rights," in violation of the Ex Post Facto Clause of the U.S. Constitution. *Id.* at 5. Fourth, Plaintiff lists other statutes that "may" apply here, including 42 U.S.C. §§ 1985 and 1986. *Id.* at 6-7. Finally, the remainder of Plaintiff's response to the Court seems to be arguments as to why the state court was wrong in "imputing a marriage" between Plaintiff and defendant Brown, including that the state court violated Plaintiff's "religious freedom protected by the First Amendment." *Id.* at 8-11.

## Discussion

### I.   Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Upon review of Plaintiff's complaint and his response to the Court's Order to Show Cause, the Court finds no basis for federal jurisdiction.

The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*,

263 F.3d 816, 819 (8th Cir. 2001). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Diversity jurisdiction does not appear to exist here because Plaintiff and defendant Brown are both citizens of Missouri.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

In this case, no federal question is presented on the face of Plaintiff's complaint. Generally, a suit brought under § 1983 would invoke federal question jurisdiction. 28 U.S.C. § 1331; 42 U.S.C. § 1983. However, "[a] court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). Plaintiff here attempts to couch his claims under federal statutes like § 1983, but he provides only conclusory claim statements which lack any factual support. He does not provide any plausible facts that suggest these federal statutes were violated by defendants.

For example, Plaintiff states that his claims arise under federal law, including his constitutional rights to equal protection and due process. However, to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). It is not enough for Plaintiff to state that he was treated differently than other similarly situated individuals. To state an equal protection claim, Plaintiff must allege who was similarly situated to him and how they were treated differently. *See In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018) (discussing how the first step in an equal protection case is determining whether the plaintiff has demonstrated that he or she was treated differently than others who were similarly situated). Similarly, Plaintiff cannot simply state that he was deprived of property and liberty without stating what process he was denied and what injury he suffered. *See Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process or not").

Plaintiff also states that this case "may" invoke federal conspiracy statutes, §§ 1985 and 1986, but Plaintiff does not state who he believes conspired to interfere with his rights or who had knowledge of the alleged conspiracy but failed to prevent it. Likewise, Plaintiff argues an ex post facto violation here but he does not state what law was unfairly applied retroactively in violation of his rights. In summary, none of Plaintiff's allegations are well-pleaded nor do they demonstrate how they 'arise under' federal law. Because Plaintiff's federal claims are "patently meritless," this case must be dismissed for lack of federal question jurisdiction. *Biscanin*, 407 F.3d at 907.

The Court notes that Plaintiff makes several of the same arguments regarding jurisdiction to this Court that he made to the Western District Court. Like that Court, this Court does not find these arguments for jurisdiction persuasive. For example, in both cases, Plaintiff asserts "a violation of equal protection and the right to due process of the law" under § 1983 against Vernon County because the court allowed Brown to divorce Plaintiff. ECF No. 4 at 2; *see also Middleton v. Brown*, No. 3:22-cv-5057-SRB, ECF No. 6 at 2 (W.D. Mo.). Also, in both cases, Plaintiff argues that a question regarding the validity of a Missouri statute creates "tension" with federal law. *Id.*

In reality, Plaintiff's complaint is an attempt to contest a state-court divorce proceeding, after Plaintiff has already exhausted and lost all his appeals in state court. But the state-court decision was based on state law not federal law. To the extent that Plaintiff is seeking review of a Missouri state-court judgment, this federal district lacks subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may be had only in the U.S. Supreme Court. *Id.* Any review of a state court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It appears that Plaintiff's claims here can only succeed if this Court decides that a state-court decision was wrongly decided. *See* ECF No. 1 at 4 (where Plaintiff seeks "nullification" of the adverse state-court decision). As such, Plaintiff's claims are inextricably intertwined with the state court judgment and this Court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine. *See Postma,* 74 F.3d at 162.

Finally, this Court lacks jurisdiction over cases involving divorce under the domestic relations exception to federal court jurisdiction. In general, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception … divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted).

For all of these reasons, dismissal for lack of jurisdiction is appropriate here.

## II.     Improper Venue

Alternatively, even if the Court had not found jurisdiction lacking here, this case would still be subject to dismissal for improper venue. Under 28 U.S.C. § 1391(b), a civil action of this type may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

In this case, according to information provided by Plaintiff, both defendants reside within the boundaries of the Western District of Missouri Court. *See* ECF No. 4 at 1 (listing an address for defendant Brown in Walker, Missouri which is located in Vernon County); 28 U.S.C. § 105(b)(2) (stating that Vernon County is part of the judicial district of the Western District of Missouri). In addition, the events giving rise to Plaintiff's claim occurred at the Vernon County Court, located in the Western District. Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does Plaintiff allege that the defendant resides within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, transfer of this action to the proper venue of the Western District of Missouri would be futile because that

Court has already dismissed for lack of jurisdiction. Therefore, for this reason as well, this case is subject to dismissal.

## Conclusion

This federal court has a duty to ascertain whether jurisdiction exists over a matter. Like the United States District Court for the Western District of Missouri's decision in a similar case filed by Plaintiff – a decision which was affirmed by the Eighth Circuit Court of Appeals – this Court finds that there is no basis for federal jurisdiction here. This case will be dismissed for a lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED as moot**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 1st day of November, 2023.

                                                    STEPHEN N. LIMBAUGH, JR.
                                                    SENIOR UNITED STATES DISTRICT JUDGE